**Slip Op. 00-135**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  RICHARD W. GOLDBERG, JUDGE**

AMERICAN SPORTING GOODS,

             Plaintiff,

             v.                                              Court No. 95-05-00627

UNITED STATES,

             Defendant.

<u>ORDER</u>

In this Customs classification case, plaintiff has moved in limine to exclude the testimony of two of defendant's experts, Mary Carrillo and Susan Sheridan, and to compel a detailed summary of the testimony of defendant's third expert witness, Marian Samarin.

On February 9, 1998, plaintiff served defendant with an interrogatory asking defendant to identify its expert witnesses. On April 13, 1998, defendant responded that it had not yet identified its witnesses.  Although discovery closed on June 30, 2000, defendant did not identify its expert witnesses until September 26, 2000, in compliance with an Order by the Court governing preparation of the Pretrial Order.  On October 4, 2000, after plaintiff's counsel voiced objections to the surprise

witnesses, the government formally served its supplemental response to plaintiff's interrogatory regarding expert witnesses.

CIT Rule 26(e)(1) requires parties "seasonably to supplement the response [to a request for discovery] with respect to any question addressed to ... the identity of each person expected to be called as an expert witness at trial ... ." Because the supplemental response was delivered almost thirty-two months after the interrogatory was served, more than three months after discovery had already closed, and only two weeks before the start of trial, and because there are no mitigating circumstances to justify such a delay, defendant's supplemental response was not seasonable within the meaning of CIT Rule 26(e)(1).

Contrary to defendant's contention, the Court has the authority to impose sanctions for a violation of Rule 26(e)(1) without first issuing a separate order.[1] This authority is well established in the federal courts. See Thibeault v. Square D Co., 960 F.2d 239, 245 (1st Cir. 1992); Bradley v. United States, 866 F.2d 120, 124 n.6 (5th Cir. 1989). In choosing the appropriate sanction for defendant's violation of Rule 26(e)(1), the Court is guided by the four-factor test stated in Outley v. City of New York, 837 F.2d 587, 590 (2d Cir. 1988) (quoting

---

[1] Because the Federal Rules were amended in 1993 to explicitly allow preclusion for this type of discovery violation, the Court consults pre-amendment caselaw.

<u>Murphy v. Magnolia Elec. Power Ass'n</u>, 639 F.2d 232, 235 (5th Cir. 1981)). In particular, the Court is convinced that serious prejudice to the plaintiff would result from its lack of opportunity to prepare to meet the testimony of these surprise witnesses. <u>See</u> <u>Thibeault</u>, 960 F.2d at 246-47. Moreover, because the Court has already declined to grant the full length of a continuance the parties had previously requested in a consent motion, it does not wish to see the defendant achieve that continuance by means of its own lack of diligence. Accordingly, plaintiff's motion to exclude the testimony of Ms. Carrillo and Ms. Sheridan is granted.

Plaintiff also moved to compel a more detailed summary of Ms. Samarin's testimony, but rescinded this claim at the pretrial conference subject to the proviso that her testimony be confined to the topics listed in Schedule G-2 of the Pretrial Order. For this reason, plaintiff's motion in this regard is moot, and is denied.

Therefore, upon consideration of plaintiff's motion in limine to exclude testimony of defendant's experts Ms. Carrillo and Ms. Sheridan, and to compel a detailed summary of Ms. Samarin's testimony; and upon all other papers; and upon due deliberation, it is hereby

**ORDERED** that defendant's motion to preclude the testimony of Ms. Carrillo and Ms. Sheridan at the trial of this action is **GRANTED**; and it is further

**ORDERED** that plaintiff's motion to compel a detailed summary of Ms. Samarin's testimony is **DENIED**.


   **SO ORDERED.**

   _____
                              Judge Richard W. Goldberg

Date:     October 19, 2000
          New York, New York

ERRATUM


<u>American Sporting Goods v. United States</u>, Court No. 95-05-00627, Slip-Op. 00-135, dated October 19, 2000


Page 4, Line 1: "...that defendant's motion..." should be
            "...that plaintiff's motion..."


October 26, 2000